10-2928-pr
Flemming v. State of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand eleven.

PRESENT:
>ROBERT D. SACK,
>PETER W. HALL,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

_____

WOODROW FLEMMING,

>*Plaintiff-Appellant,*

>v.                                                          10-2928-pr

STATE OF NEW YORK, *et al.*,

>*Defendants-Appellees.*

_____

FOR APPELLANT:                         WOODROW FLEMMING, *pro se*, Malone, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Hurd, *J.*).  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Appellant Woodrow Flemming, *pro se*, appeals the district court's (Hurd, *J.*) post-judgment order denying his motion to vacate the underlying judgment, in which the court had *sua sponte* dismissed his second amended complaint asserting claims against the State of New York and numerous individual state correctional officials and employees.[1]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In a civil case, Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107 require an appellant to file a notice of appeal within 30 days of the entry of the judgment or order being appealed unless the United States or an officer or agency thereof is a party, in which case a 60-day filing period applies.  The United States Supreme Court has made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Therefore, this Court is "obliged to examine the question *sua sponte*."  *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005).  District courts, not the courts of appeals, have the authority to extend the time for filing an appeal, if certain statutory conditions are met.  *See* 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)-(6); *see also* Fed. R. App. P. 26(b)(1) (providing that "the court [of appeals] may not extend the time to file . . . a notice of appeal (except as authorized in Rule 4)").  A notice of appeal by a prisoner appealing *pro se* is

---

[1] The Appellees were not served in the proceedings below, and have not appeared in the instant appeal.

2

deemed filed the moment he or she delivers it to prison officials to be transmitted to the court.

*See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); Fed. R. App. P. 4(c)(1).

In this case, because the challenged order was entered on May 24, 2010, Flemming had until Wednesday, June 23, 2010 to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). Although there is no indication in the record that Flemming filed a document that he himself labeled as a notice of appeal, we may construe Flemming's motion to vacate, which he dated June 24, 2010 and sent to this Court, as a notice of appeal. However, even if the construed notice of appeal is deemed filed on Thursday, June 24, 2010 pursuant to the prison mailbox rule under *Houston*, it was still untimely. Accordingly, because the notice of appeal was untimely filed, this appeal must be, and therefore is, **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3